IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| vs. | ) | |
| | ) | Case No. 13-cr-30276-MJR |
| **MILES MUSGRAVES,** | ) | |
| | ) | |
| **Defendant.** | ) | |

### ORDER

**PROUD, Magistrate Judge:**

The following motions were referred to the undersigned for disposition by Chief Judge Michael J. Reagan:

- The United States' Motion to Quash Subpoena, Doc. 76;
- City of Alton's Motion to Intervene, Doc. 79; and
- City of Alton's Motion to Quash, Doc. 80.

The Motions to Quash are directed to a subpoena duces tecum issued by defense counsel pursuant to Fed. R. Crim P. 17(c)(1). A copy of the subpoena is located at Doc. 76, Ex. 1. Defendant filed responses at Docs. 82 and 84.[1]

### Background

Defendant Miles Musgraves was originally charged in a two count indictment with distribution of cocaine base on August 14, 2012, and being a felon in possession of a firearm on November 17, 2013. Defendant moved to sever, and the government dismissed Count 1 with prejudice. Superseding and

---

[1] The Court appreciates defense counsel's prompt filing of his responses on short notice.

second superseding indictments were filed. The following Counts are now pending:

    Count 1:    maintaining drug-involved premises near a school from August, 2012, to November, 2013;

    Count 2:    conspiracy to distribute cocaine from February, 2013, to July, 2013;

    Count 3:    felon in possession of ammunition on July 12, 2013;

    Count 4:    felon in possession of firearm on November 17, 2013; and

    Count 5:    distribution of cocaine near a school on November 17, 2013.

See, Second Superseding Indictment, Doc. 41.

The cocaine base that formed the basis of the first Count of the original Indictment was destroyed by Detective Jonathon Forrler, of the Alton Police Department. Although that Count was dismissed with prejudice by the government, the alleged drugs sold by defendant on August 14, 2012, are relevant to Count 1 of the Second Superseding Indictment.

The circumstances under which the evidence was destroyed are described in the government's response to defendant's Motion to Suppress Testimony, Doc. 69. In a nutshell, according to the government, Alton police officers used a confidential informant to conduct a controlled buy of crack cocaine from defendant on August 14, 2012. The substance that was sold by defendant was later tested by the Illinois State Police laboratory and found to be crack cocaine. The evidence was then returned to the Alton Police Department evidence vault. Thereafter, Detective Forrler was assigned to be the APD evidence vault custodian.

Detective Forrler destroyed the evidence from this case, along with evidence from a number of other pending cases. Detective Forrler has been charged with Official Misconduct, a Class 3 felony under Illinois law, in Madison County.

## Applicable Law

Rule 17(c)(2) provides that "On motion made promptly, the court may quash or modify the subpoena [issued pursuant to Rule 17(c)(1)] if compliance would be unreasonable or oppressive."

The scope of discovery in a criminal case is governed by Rule 16. Notably, a subpoena issued under Rule 17 is *not* a vehicle for discovery in a criminal case. In *United States v. Nixon*, 94 S.Ct. 3090 (1974), the Supreme Court set forth four requirements that must be met for a Rule 17 subpoena to issue:

> (1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general 'fishing expedition.'

*Nixon*, 94 S. Ct. at 3013, citing the "leading case" of *Bowman Dairy Co. v. United States*, 71 S.Ct. 675 (1951).

Put simply, "Rule 17(c) is not a discovery device to allow criminal defendants to blindly comb through government records in a futile effort to find a defense to a criminal charge. Instead, it allows only for the gathering of specifically identified documents which a defendant knows to contain relevant evidence to an admissible issue at trial." *U.S. v. Tokash*, 282 F.3d 962, 971(7th Cir. 2002).

3

Analysis

**1.     City of Alton's Motion to Intervene, Doc. 79**

Defendant has no objection to Alton's Motion to Intervene.  See, Doc. 84, ¶1.  The Court agrees that intervention for the purpose of challenging the subpoena is proper.

**2.     Motions to Quash, Docs. 76 & 80**

Defendant's subpoena seeks six categories of documents:

1. All investigative reports concerning Jonathan Forrler;

2. All investigative reports concerning Captain Scott Waltrup;

3. All investigative reports concerning the destruction of the evidence from this case.

4. All Alton Police Department "protocols and procedures with regard to training, duties and procedures to be followed by evidence officers" at the time the evidence was destroyed;

5. All investigative reports regarding drug and other illegal activities of Jesse L. Smith, concerning both charged and uncharged conduct;

6. All investigative reports regarding drug activity or use involving Kenneth Boner or Debra Boner.

The Court first notes that defendant argues that the United States lacks standing to challenge his subpoena.  The Court disagrees.  Even though the subpoena is not directed to the United States, it involves the United States because the government is relying, at least in part, upon investigation performed by Alton Police Department personnel for its evidence in this case.  And, no matter who is the target of the subpoena, the Court has an interest in ensuring that the discovery procedures set forth in the Federal Rules are followed.

4

The first four categories of documents obviously relate to the destruction of the evidence by Detective Forrler. Defendant argues that he needs these documents in order to determine whether the evidence was destroyed in bad faith. Defendant has filed a motion to suppress testimony regarding the drugs sold by defendant on August14, 2012; whether the evidence was destroyed in bad faith is relevant to that motion.

In the government's Motion to Quash, AUSA Boyce represents to the Court that he has already produced all of the records sought in item 3, the investigative reports regarding the destruction of the evidence from this case. See, Doc. 76, ¶C. Obviously, AUSA Boyce is under the obligation to turn over all exculpatory evidence in his possession pursuant to *Brady v. Maryland*, 83 S.Ct. 1194 (1963). He is also required to comply with Rule 16 and with the Order Regarding Pre-trial Discovery entered at Doc. 12.

For a Rule 17(c) subpoena to be proper, the requesting party "must clear three hurdles: (1) relevancy; (2) admissibility; (3) specificity." *Nixon*, 94 S. Ct. at 3103. Defendant has failed to do so here. In this Court's view, the first, second and fourth items are a nothing more than a fishing expedition. The government admits that the evidence was destroyed and that the destruction of the evidence was contrary to the Alton Police Department's procedures. And, AUSA Boyce represents that Captain Waltrup had no involvement in the destruction of the evidence from this case. Defendant has not advanced a compelling argument that the documents he asks for in his subpoena have any relevance at all to the case

against him.

For similar reasons, the fifth and sixth items are also improper. AUSA Boyce represents that he has already produced the statements of Jesse Smith and Kenneth Boner, along with potential impeachment information. And, the only involvement of Debra Boner in this case is that she answered the door when officers arrived at her home to arrest Romell Stevens, another potential witness. Defendant has failed to justify his broad requests for documents relating to these individuals.

The above analysis also applies to the City of Alton's motion to quash.

In sum, the Court concludes that defendant's subpoena fails the *Nixon* test. With the exception of the reports relating to the destruction of the evidence from this case, which have already been produced, the subpoena does not seek "specifically identified documents which a defendant knows to contain relevant evidence to an admissible issue at trial." *U.S. v. Tokash*, 282 F.3d 962, 971(7th Cir. 2002). The subpoena is overbroad, a fishing expedition, and an improper attempt at discovery outside the bounds of Rule 16.

## Conclusion

For the foregoing reasons, the United States' Motion to Quash Subpoena, **(Doc. 76)**, the City of Alton's Motion to Intervene **(Doc. 79)**, and the City of Alton's Motion to Quash **(Doc. 80)** are all **GRANTED**.

Defendant's subpoena is ordered quashed.

**IT IS SO ORDERED.**

**DATE:  January 30, 2015.**

**s/ Clifford J. Proud**
**CLIFFORD J. PROUD**
**UNITED STATES MAGISTRATE JUDGE**