### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **MILES MUSGRAVES,** | |
| **Petitioner,** | |
| v. | **No. 13-CR-30276-NJR-1** |
| **UNITED STATES OF AMERICA,** | |
| **Respondent.** | |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Pending before the Court is a Motion for Compassionate Release filed by Defendant Miles Musgraves (Doc. 228), with his First Supplement (Doc. 230), Second Supplement (Doc. 231), Third Supplement (Doc. 233), and Fourth Supplement (Doc. 234). For the reasons set forth below, the Court denies the Motion.

### FACTUAL & PROCEDURAL BACKGROUND

On November 21, 2013, Musgraves was indicted on five counts, as follows:

- Count 1: Maintaining Drug-Involved Premises Near a School, 21 U.S.C. §§ 860, 856(a)(1) & (b);

- Count 2: Conspiracy to Distribute Cocaine, 21 U.S.C. §§ 846, 841(a)(1) & (b)(1)(C);

- Count 3: Felon in Possession of Ammunition, 18 U.S.C. §§ 922(g)(1), 924(e);

- Count 4: Felon in Possession of a Firearm, 18 U.S.C. §§ 922(g)(1), 924(e);

- Count 5: Distribution of Cocaine Near a School , 21 U.S.C. §§ 860, 841(a)(1), (b)(1)(C).

(Doc. 1).

After a trial in 2015, Musgraves was found guilty on all counts and sentenced to 240 months in prison. Doc. 152, 155. His conviction on three counts was vacated the Seventh Circuit in 2016. *United States v. Musgraves*, 831 F.3d 454 (7th Cir. 2016). At resentencing, the Court again imposed a 240-month sentence, which was upheld in a second appeal to the Seventh Circuit. *United States v. Musgraves*, 883 F.3d 709 (7th Cir. 2018). Musgraves filed a petition for collateral review under 28 U.S.C. § 2255, which was rejected by this Court in 2020.

On May 19, 2020, Musgraves filed a motion in this court for compassionate release under 18 U.S.C. § 3582(c), arguing that extraordinary and compelling reasons warrant modification of his sentence (Doc. 230). Specifically, Musgraves argues that the warrant for the initial search of his residence was not supported by probable cause, raising arguments regarding the affidavit supporting that warrant that he has already raised before this Court at trial, on appeal, and in his Section 2255 petition. Musgraves further cites the current Covid-19 pandemic, noting that he suffers from hypertension, which he claims makes him susceptible to Covid-19 (Doc. 228 at 8). Medical records provided by Musgraves indicate that he was diagnosed with benign hypertension in 2015 (Doc. 230 at 7). Medical records indicate that his condition has been stable throughout the term of his incarceration, though he has often not taken the medication prescribed by his doctors (Doc. 230 at 17). Musgraves further noted that he was incarcerated in FCC Forrest City, a facility that has previously had high numbers of coronavirus cases (Doc. 230 at 3). At present, there are 17 active cases of coronavirus at FCC Forest City Low, where

Page **2** of **6**

Musgraves is incarcerated. https://www.bop.gov/coronavirus/.

**LEGAL STANDARD**

Under the First Step Act, inmates are authorized to bring their own motions for compassionate release after first exhausting their administrative remedies with the Bureau of Prisons. 18 U.S.C. § 3582(c)(1)(A).

A defendant may be eligible for compassionate release if the Court finds "extraordinary and compelling reasons" to warrant a sentence reduction. 18 U.S.C. § 3582(c)(1)(A). The Court also must find that the requested sentence reduction is "consistent with applicable policy statements issued by the Sentencing Commission." *Id.*

Congress has tasked the Sentencing Commission with compiling "what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." 28 U.S.C. § 994(t). The Commission has specified that certain circumstances surrounding the inmate's medical condition, age, and family situation will constitute extraordinary and compelling reasons. *See* U.S.S.G. § 1B1.13. The Sentencing Commission also gives the Director of the Federal Bureau of Prisons discretion to distinguish other grounds that could be extraordinary and compelling enough to merit a sentence reduction, either on their own or in combination with another listed condition. *See id.* at cmt. n.1(D).

Courts have in certain instances taken it upon themselves, however, to identify non-enumerated grounds constituting extraordinary and compelling reasons for compassionate release, even where the Bureau of Prisons has not done so. *See, e.g., United States v. Halliburton*, 2020 U.S. Dist. LEXIS 102241 at 10 (finding extraordinary reasons

where defendant had underlying health problems in conjunction with the Covid-19 pandemic) (C.D. Ill.); *United States v. Coles*, 2020 U.S. Dist. LEXIS 72327 (C.D. Ill.); *United States v. Lewellen*, 2020 U.S. Dist. LEXIS 90195 at *8 (N.D. Ill.) (Noting court has joined "vast majority" of district courts in looking past "guideposts" of §1B1.13 criteria to construe what constitutes extraordinary and compelling reasons under 18 U.S.C. § 3582(c)(1)(A)(i)) (quoting *United States v. Cardena*, No. 09-CR-0332 (-11), slip op. at 6 (N.D. Ill. May 15, 2020) (ECF No. 1890)).

If an inmate can show that one of the eligibility criteria is applicable, a court must then assess whether a reduction would be appropriate under the statutory sentencing factors described in 18 U.S.C. § 3553(a). U.S.S.G. § 1B1.13. Lastly, a court must determine that the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g). U.S.S.G. § 1B1.13(2).

## ANALYSIS

The Court starts by noting that Musgraves does not satisfy any of the factual predicates listed by the Sentencing Commission as constituting "extraordinary and compelling reasons" justifying compassionate release. Namely, he is not suffering from a terminal illness or other condition from which he is not expected to recover, he is under 65 years old, and he does not indicate any death or incapacitation in his immediate family which would leave him the only caregiver for a child, spouse, or partner.

In the unusual circumstances of the Covid-19 pandemic, courts have been willing in certain instances to look beyond the enumerated list of extraordinary and compelling reasons listed by the Sentencing Commission. The mere existence of the Covid-19

pandemic is not sufficient justification for granting compassionate release, however, and defendants seeking compassionate release based on the pandemic have generally been successful only with a showing of underlying medical conditions resulting in unusual susceptibility to Covid-19.

Here, while Musgraves does indicate certain underlying medical conditions that could exacerbate his susceptibility to Covid-19, it is not clear that these conditions severely increase his vulnerability to Covid-19 to the point that compassionate release might be warranted. In particular, the Court notes that Musgraves's hypertension does not appear to be severe, and his condition has been stable.

Apart from his arguments related to his medical condition, Musgraves attempts to raise issues with the probable cause determination supporting the search of his residence. Musgraves has already raised the same arguments multiple times. Even if these arguments were not procedurally defaulted, they would not serve as a basis for compassionate release, but would rather indicate that his motion should be construed as an impermissible successive habeas petition. Accordingly, these arguments have no merit.

Finally, the Court notes that Musgraves has an extensive criminal history spanning his entire adult life, and he is currently incarcerated for possessing firearms and selling cocaine within 1,000 feet of an elementary school. He has shown a pattern of repetitive violent offenses and recidivism, and the Court cannot conclude that he would not present a danger to the community if released.

Accordingly, based on a failure to find extraordinary and compelling reasons

justifying compassionate release or determine that Musgraves would not present a threat,

the Court must deny his motion.

CONCLUSION

The Motion for Compassionate Relief (Doc. 228) is **DENIED**.


**IT IS SO ORDERED.**

**DATED:** **August 21, 2020**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**