IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

        Plaintiff,

v.

MILES MUSGRAVES,

        Defendant.

Case No. 3:13-CR-30276-NJR-1

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

    Pending before the Court is a *pro se* Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) filed by Defendant Miles Musgraves (Doc. 241). In 2015, a jury found Musgraves guilty of five charges related to drugs and firearms (Docs. 107-113, 155). In 2016, the Seventh Circuit vacated three of his convictions. *See United States v. Musgraves*, 831 F.3d 454 (7th Cir. 2016).

    Initially, now-retired District Judge Michael J. Reagan sentenced Musgraves, as a career offender, to a total of 240 months' imprisonment and six years' supervised release (Doc. 155). After his appeal and upon resentencing, Musgraves's sentence did not change and was upheld in his second appeal (Docs. 206, 224); *United States v. Musgraves*, 883 F.3d 709 (7th Cir. 2018). In May 2020, Musgraves filed a Motion for Compassionate Release, which the Court denied (Docs. 228, 235). He appealed to the Seventh Circuit, and the denial was affirmed (Docs. 236, 240); *United States v. Musgraves,* 840 F. App'x 11 (7th Cir. 2021).

    Musgraves is now 48 years old and is scheduled to be released from the Bureau of Prisons (BOP) on December 27, 2030.[1] He has now filed another motion for compassionate release

---

[1] https://www.bop.gov/inmateloc/ (last visited June 8, 2022).

(Doc. 241).

In his present motion, Musgraves again highlights his elevated risk of fatality from the COVID-19 virus due to his hypertension, hyperlipidemia, and arthritis. Musgraves also references "new evidence" that a witness who originally testified against him recanted that testimony, which Musgraves characterizes as grounds for compassionate release. He further emphasizes his successful completion of many BOP programs, steady employment, and lack of disciplinary infractions.

Prior to the passage of the First Step Act of 2018, a defendant seeking compassionate release first had to request it from the director of the BOP. 18 U.S.C. § 3582(c)(1)(A) (2018). The First Step Act modified that provision to allow prisoners to seek compassionate release from a court on their own motion, after exhausting administrative rights to appeal a failure of the BOP to bring a motion on their behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier.

After such a motion is filed, either by the director of the BOP or by the defendant, the Court may reduce the term of imprisonment if it finds that "extraordinary and compelling reasons" support release, and it has considered the appropriate sentencing factors under 18 U.S.C. § 3553(a). *United States v. Kurzynowski*, 17 F.4th 756, 759 (7th Cir. 2021). The First Step Act does not say what "extraordinary and compelling reasons" warrant a sentence reduction, but the compassionate release statute directs the Court to consider the Section 3553(a) factors when deciding compassionate release motions. *Id.* District courts may also turn to the policy statement in U.S.S.G. § 1B1.13 for guidance in exercising their discretion, though the policy is not binding on the Court unless the motion is brought by the BOP. *Id.* (citing *United States v. Gunn*, 980 F.3d 1178 (7th Cir. 2020)).

Here, Musgraves's motion provides no basis for relief. Notably, he does not provide any

new basis for compassionate release from his original motion which the Court already denied. Musgraves still references the COVID-19 pandemic and his particular vulnerability to the virus. The COVID-19 pandemic, on its own, is not an extraordinary or compelling reason for release, especially considering Musgraves has declined the vaccination and provides no proof he is medically ineligible to receive the vaccination. *United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021) (the widespread availability of COVID-19 vaccines "makes it impossible to conclude that the risk of COVID-19 is an 'extraordinary and compelling' reason for immediate release"); *United States v. Ugbah*, 4 F.4th 595, 597 (7th Cir. 2021) (prisoners who have access to the vaccine cannot use risk of COVID-19 to obtain compassionate release). Further, the evidence that a witness at Musgraves's trial recanted his prior testimony is not a ground for compassionate release, instead it plainly speaks to the validity of his conviction. The correct vehicle to challenge a conviction or sentence is 28 U.S.C. § 2255 or, in some circumstances, 28 U.S.C. § 2241.

Because Musgraves has not provided any extraordinary or compelling reasons for compassionate release, the Court need not consider the Section 3553(a) sentencing factors (and, in fact, the Court already evaluated these factors in denying Musgraves's prior motion). Accordingly, Musgraves's Motion for Compassionate Release (Doc. 241) is **DENIED**.

**IT IS SO ORDERED.**

DATED: June 9, 2022

*[signature: Nancy J. Rosenstengel]*

**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**